UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO:

NICKEY JAY WILKINS,

      Plaintiff,

v.

THE TRAVELERS HOME AND MARINE
INSURANCE COMPANY,

      Defendant.

_____/

### DEFENDANT THE TRAVELERS HOME AND MARINE INSURANCE COMPANY'S NOTICE OF REMOVAL AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW** Defendant THE TRAVELERS HOME AND MARINE INSURANCE COMPANY ("Travelers"), by and through its undersigned counsel, and hereby files and serves this Notice of Removal of the civil action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2022-CA-011591-O, to the United States District Court for the Middle District of Florida, Orlando Division, and in support of removal, states as follows:

    *A.*   *Background*

Plaintiff NICKEY JAY WILKINS brings this action after allegedly being injured in a motor vehicle accident on or about March 24, 2020. Plaintiff claims that on that date, he was operating a motor vehicle in Orlando, Orange County, Florida. He claims that at that time and place, non-party Gabriel Rymer allegedly wrongfully

1

collided into Plaintiff's vehicle, allegedly causing injury to Plaintiff. *See* Cmplt., at ¶¶ 9–15, attached as Exhibit "1". Plaintiff claims Rymer was allegedly an underinsured/uninsured motorist at that time. *Id.* ¶¶ 21, 22.

Plaintiff claims that at all material times, he had in force and effect a policy of insurance providing uninsured/underinsured motorist coverage with Travelers. Plaintiff brings the instant action against Travelers as the underinsured motorist insurer for Plaintiff, claiming such policy allegedly provides coverage and benefits for the losses and damages allegedly sustained by Plaintiff as a result of the alleged accident. *Id.* ¶¶ 21–23.

On or about December 27, 2022, Plaintiff filed a Complaint against Travelers, the sole Defendant, in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2022-CA-011591-O. Copies of the Compliant filed in state court, along with accompanying exhibits, all other process, pleadings, orders, or other papers or exhibits of every kind that were filed or served in the state court, are attached hereto as Exhibits "1" through "4". In his Complaint, Plaintiff asserts a single claim against Travelers for uninsured motorist benefits. Travelers now removes this action to the United States District Court for the Middle District of Florida, Orlando Division, based on the Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

### B.  *Removal Generally*

Removal of cases from state courts to federal courts is governed in part by 28 U.S.C. § 1441, which states in pertinent part as follows:

> Except as otherwise expressly provided by act of Congress, any civil action brought in a state court of which the district courts of the United States has original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Given that this action is one over which the United States District Court for the Middle District of Florida, Orlando Division, would have original jurisdiction, this case may properly be removed pursuant to 28 U.S.C. § 1446(a), which provides:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a Notice of Removal, signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

In the instant case, Defendant Travelers has filed a Notice which complies with 28 U.S.C. § 1446(a), in that it sets forth facts that show that this Court has original jurisdiction and that this case is subject to removal. Additionally, Defendant Travelers has filed with this Court a copy of all process, pleadings, orders or other papers which have been filed in the state-court action.

    C.    *Federal Jurisdiction*

Pursuant to 28 U.S.C. § 1332(a)(1), district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010). Both the diversity-of-citizenship and amount-in-controversy requirements are satisfied in this case.

1. Diversity of Citizenship

Complete diversity requires that every plaintiff have diverse citizenship from every defendant. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Federal courts have explained that citizenship of an individual, for purposes of diversity jurisdiction, is determined by his or her domicile, which is the place of the person's "'true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom.'" *BGX E-Health LLC v. Darren Neil Masters*, No. 6:21-cv-1022-WWB-LHP, 2022 WL 9964905, at *3 (M.D. Fla. Oct. 17, 2022) (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2022)). A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Here, in the Complaint, Plaintiff explicitly alleges the following: "The Plaintiff, NICKEY JAY WILKINS, is over the age of eighteen (18), and at all times material and relevant hereto was and is a resident and domiciliary of Osceola County, Florida, and is otherwise *sui juris*." *See* Exh. "1", ¶ 2. Stated differently, Plaintiff explicitly alleges he is a *domiciliary* of Florida. In *Dooley v. Nat'l Specialty Ins. Co.*, No. 2:22-cv-440-JLB-NPM, 2023 WL 1098235, at *2 (M.D. Fla. Jan. 30, 2023), this Court explained that "[b]ecause the complaint only alleged that Plaintiff was a Florida resident and did not allege where she was domiciled, the complaint did not establish citizenship". Here, unlike *Dooley*, because Plaintiff's Complaint explicitly alleges he

4

is a domiciliary of Florida, the Complaint establishes his Florida citizenship for purposes of diversity jurisdiction.

Furthermore, the police report from the underlying accident states that, at the time of the accident, Plaintiff held a Florida Driver's License and his vehicle was registered in Florida. *See* Exhibit "6", at 7–8. Such factors may be used to demonstrate a person's intent to remain in his state of residence. *See, e.g.*, *Eubanks v. Progressive Am. Ins. Co.*, No. 6:22-cv-1672-RBD-DCI, Doc. 6 (M.D. Fla. Sept. 20, 2022) (order to show cause by District Judge Dalton, collecting cases and identifying evidence that may be used to demonstrate domicile for purposes of diversity jurisdiction); *BGX E-Health LLC*, 2022 WL 9964905, at *3 (collecting cases and identifying materials that courts may consider to determine domicile); *Furnari v. Nuance Commc'ns, Inc.*, No. 6:11-cv-1119-Orl-35-GJK, 2011 WL 13298737, at *3 (M.D. Fla. Sept. 20, 2011) (identifying factors used to determine domicile); *Akkan v. Nationstar Mortg., LLC*, No. 1:16-cv-1999-WSD-LTW, 2016 WL 11260335, at *1 (N.D. Ga. Nov. 16, 2016) (identifying factors frequently taken into account when determining an individual's domicile). Thus, Plaintiff is a citizen of Florida.

Regarding Travelers, the Complaint explicitly alleges it is a foreign corporation. *See* Exh. "1", ¶ 4. Furthermore, as explained in the attached Declaration, Travelers is a Connecticut corporation with its principal place of business in Connecticut. *See* Exhibit "5". Accordingly, Travelers is a citizen of Connecticut for purposes of diversity jurisdiction.

Since Plaintiff is a citizen of Florida, and Defendant Travelers is a citizen of Connecticut, complete diversity of citizenship exists between Plaintiff and Defendant; therefore, § 1332's diversity-of-citizenship requirement is satisfied in this case.

2. Amount in Controversy

In determining the amount in controversy, if the plaintiff does not plead a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001). When the jurisdictional amount-in-controversy is not facially apparent from the complaint, a court will permit the use of "deduction, inference, or other extrapolation of the amount in controversy" and "may consider facts alleged in the [complaint or] notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010). A removing defendant "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id*. Rather, the defendant may meet its burden by showing either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010).

In this case, Plaintiff alleges that he has brought an action for damages in excess of $30,000. *See* Exh. "1", ¶ 1. Therefore, the burden shifts to the removing defendant

6

to demonstrate that the amount in controversy in this case more likely than not exceeds $75,000.

Here, prior to filing suit, Plaintiff's counsel provided Defendant with two presuit demand letters, dated September 18, 2020 and July 5, 2022, respectively. *See* Exhibits "6" and "7". In the first letter, Plaintiff made a demand for policy limits, which total $100,000 each person. *See* Exh. "6" at 4; Exh. "1" at 7. Regarding Plaintiff's injuries, the letter claimed that following the alleged accident, Plaintiff was allegedly diagnosed with: (1) sprain/strain of the cervical spine with segmental dysfunction; (2) sprain/strain of the thoracic spine with segmental dysfunction; (3) sprain/strain of the lumbar spine with segmental dysfunction; and (4) sacroiliac sprain injury with segmental dysfunction. *See* Exh. "6" at 2. MRIs of his cervical spine and lumbar spine allegedly showed multiple disc bulges and herniations. *Id.* at 2–3. A Dr. Adam Lewis allegedly opined that Plaintiff had sustained a six percent (6%) permanent partial impairment rating to the body as a whole allegedly as a result of the accident. As of September 18, 2020, the letter claimed Plaintiff had incurred $14,767.64 in medical bills. The letter also estimated future medical expenses of $147,000.00 based on alleged predictions by Dr. Lewis. *Id.* at 3–4. The letter also claimed damages in the form of alleged pain and suffering and alleged impacts on Plaintiff's activities of daily living. *Id.* at 4.

Subsequently, with his second demand letter dated July 5, 2022, Plaintiff once again made a settlement demand for policy limits. *See* Exh. "7" at 1–2. However, with this letter, Plaintiff also claimed that as of that date, Plaintiff had allegedly

7

incurred $82,795.10 in medical bills for treatment for injuries allegedly incurred from the alleged accident. The letter also claimed Plaintiff had underwent certain operative procedures as follows: (1) radiofrequency ablation ("RFA") at left C4-5 and C5-6; (2) RFA at right L1-2 and L2-3; and (3) cervical epidural steroid injection at C6-7. *Id.* at 1. Plaintiff also provided medical bills allegedly associated with these procedures. *Id.*[1]

Settlement demand letters that ask for damages exceeding $75,000 are evidence that may be submitted by the removing party to be considered by courts for purposes of determining whether diversity jurisdiction exists. *See AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.*, 268 F. App'x 864, 866 (11th Cir. 2008); *Short v. State Farm Mut. Auto. Ins. Co.*, No. 6:13-cv-839-Orl-28, 2013 WL 5550789, at *2 (M.D. Fla. Sept. 25, 2013); *Fischer v. State Farm Mut. Auto. Ins. Co.,* No. 10–14124–CIV, 2011 WL 573836, at *2 (S.D. Fla. Feb. 15, 2011). Courts have found demand letters to be "'legally certain evidence'" that the amount in controversy meets federal jurisdictional requirements. *Bowen v. State Farm Mut. Auto. Ins. Co.,* No. 6:10–cv–144–Orl–19DAB, 2010 WL 1257470, at *3 (M.D. Fla. Mar. 29, 2010) (quoting *Lazo v. U.S. Airways, Inc.,* No. 08–80391–CIV, 2008 WL 3926430, at *4 (S.D. Fla. Aug. 26, 2008)).

Here, Plaintiff's presuit demand letters each sought payment of the policy limit of $100,000.00. Such demands establish by a preponderance of the evidence the

---

[1] With his presuit demand letters, Plaintiff also provided medical and billing records which he claims are the result of the alleged incident. Defendant has omitted these materials from this filing so as to avoid the filing of unnecessary and sensitive information. However, should the Court require same for purposes of establishing the "amount-in-controversy" requirement, Defendant requests leave to supplement this Notice with such materials.

8

diversity jurisdiction amount-in-controversy requirement. *See, e.g.*, *Bowen*, 2010 WL 1257470, at *3; *Fischer*, 2011 WL 573836, at *2 ("Evidence of a settlement demand in excess of $75,000.00 constitutes evidence that the jurisdictional requirement has been met. . . . Plaintiffs have not introduced evidence that the amount in controversy is $75,000 or less. Defendant has accordingly met its burden of showing by a preponderance of the evidence that the jurisdictional amount was met."). Furthermore, with his second demand letter, Plaintiff alleges past medical bills of $82,795.10. He also claims the need for future medical care and claims significant alleged non-economic damages. Taking these factors into account, as well as Plaintiff's demand of $100,000.00, § 1332's amount-in-controversy requirement is satisfied in this case. *See, e.g.*, *Katz v. J.C. Penney Corp.*, No. 09-60067, 2009 WL 1532129, at *6 (S.D. Fla. June 1, 2009) (taking into account the plaintiff's estimates of future medical care and damages for pain and suffering in assessing the amount-in-controversy requirement).

For the reasons stated above, both the diversity-of-citizenship and amount-in-controversy requirements contained in § 1332 are satisfied. Consequently, this Court has original jurisdiction over this entire civil action.

### D.     *Venue*

28 U.S.C. § 1441(a) provides that a defendant may remove a case "to the district court of the United States for the district and division embracing the place where such action is pending." Plaintiff filed this case—and it is currently pending in—the Circuit Court of the of the Ninth Judicial Circuit in and for Orange County, Florida, Case No.

2022-CA-011591-O. The Middle District of Florida and the Orlando Division of the United States District Court for the Middle District of Florida embrace Orange County, Florida. *See* 28 U.S.C. § 89(b); M.D. Fla. Local R. 1.04(a), (b). Accordingly, venue is proper in the United States District Court for the Middle District of Florida, Orlando Division.

### E. *Timeliness of Removal*

28 U.S.C. § 1446(b) requires that a Notice of Removal in a civil action or proceedings shall be filed within thirty (30) days after receipt by defendant, through service of process or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. Here, pursuant to FLA. STAT. §§ 48.151(3) and 624.423, the Complaint was served upon the Florida Chief Financial Officer, as process agent of Travelers, on January 30, 2023. It was then served on Travelers on January 31, 2023. *See* Exhibit "4" at 10, 11 (Notice of Service of Process). Plaintiff's Complaint is the first pleading properly served on any defendant. Therefore, removal is timely.

### F. *Unanimous Consent to Removal*

28 U.S.C. § 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Defendant Travelers consents to this removal, and since Defendant Travelers is the only Defendant, consent to removal is unanimous.

*G.     Conclusion*

WHEREFORE, for the grounds set forth above, Defendant THE TRAVELERS HOME AND MARINE INSURANCE COMPANY respectfully requests that the entire civil action now pending before the Circuit Court of the of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2022-CA-011591-O, *Nickey Jay Wilkins v. The Travelers Home and Marine Insurance Company*, be removed to the United States District Court of the Middle District of Florida, Orlando Division.

Respectfully submitted this 1st day of March, 2023.

                  LAW OFFICE OF JACK D. EVANS

                  /s/ JOHN JANOUSEK, ESQ.

                  _____
                  John Janousek, Esquire
                  Fla. Bar No. 98599
                  2420 Lakemont Avenue, Suite 125
                  Orlando, Florida 32814
                  Telephone:   (407) 388-2916
                  Facsimile:   (855) 203-0311
                  Attorney for Defendant
                  JJanouse@travelers.com
                  JDeorlan@travelers.com
                  JKJoseph@travelers.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed with the Clerk of the Court by using the CM/ECF system on this 1st day of March, 2023, which shall serve a copy of the foregoing to all counsel of record. Additionally, I HEREBY CERTIFY that a true and correct copy of the foregoing document has been served by e-mail to counsel for Plaintiff, Casey Gartland, Esq., The Pendas Law Firm, 4244 Evans Avenue, Suite A, Fort Myers, FL 33901, Email cgartland@pendaslaw.com; southflapeadings@pendaslaw.com; sramirez@pendaslaw.com, on this 1st day of March, 2023.

        LAW OFFICE OF JACK D. EVANS

        */s/ JOHN JANOUSEK*
        John Janousek, Esquire
        Fla. Bar No.: 98599
        2420 Lakemont Avenue, Suite: 125
        Orlando, Florida 32814
        Telephone:   (407) 388-2916
        Facsimile:   (855) 203-0311
        Attorney for Defendant
        JJanouse@travelers.com
        JDeorlan@travelers.com
        GZapata@travelers.com